FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KATRINA DEMOREST, | No. 10-35862 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01310-RAJ |
| v. | |
| JANET NAPOLITANO, U.S. Dept. of Homeland Security; DEPARTMENT OF HOMELAND SECURITY, Division of Customs and Border Protection, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted July 14, 2011[**]
Seattle, Washington

Before: GILMAN,[***] CLIFTON, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, Senior Circuit Judge for the Sixth Circuit, sitting by designation.

Katrina Demorest appeals the district court's denial of her motion for reconsideration and the district court's grant of summary judgment to the government on her claims arising under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* We affirm.

Evidence offered by the government showed that regular attendance was an essential function for all of the jobs at issue, and Demorest adduced no evidence creating a genuine issue of material fact on this point. By failing to show that she could perform the essential function of attending work regularly, Demorest did not establish a prima facie case of disability discrimination or failure to accommodate under the Rehabilitation Act. *See Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (setting forth the plaintiff's burden on disability discrimination claims); *Buckingham v. United States*, 998 F.2d 735, 739-40 (9th Cir. 1993) (setting forth the plaintiff's burden on failure to accommodate claims). The government was therefore entitled to summary judgment as to her discrimination and accommodation claims. Because no reasonable accommodation was possible, summary judgment was also appropriate as to the interactive process claim. *See Dark v. Curry County*, 451 F.3d 1078, 1088 (9th Cir. 2006).

Demorest did not raise the retaliation claim in her Opening Brief. Demorest has therefore waived this claim on appeal. *See All Pac. Trading, Inc. v. Vessel M/V Hanjin Yosu*, 7 F.3d 1427, 1434 (9th Cir. 1993).

Finally, Demorest's motion for reconsideration failed to show manifest error in the district court's summary judgment ruling. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); Local Rules, W.D. Wash. 7(h)(1).

**AFFIRMED.**